UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODOLFO CORONEL JR., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 17-cv-01950 |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | Jury Demanded |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Rodolfo Coronel Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452, *et seq*. ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter falsely stating that it may be required to report Plaintiff's potential settlement to the IRS.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Rodolfo Coronel Jr. ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Old Navy consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

9. PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. PRA acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

11. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for an Old Navy consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. PRA subsequently purchased the alleged debt.

14. On or about December 8, 2016, Defendant mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

15. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

16. The Letter was a thus a communication as that term is defined at §1692a(2) of the FDCPA.

17. The Letter offered Plaintiff a settlement of $$1,827.59 on an alleged debt of $2,610.85, which would result in the cancellation of the remaining $783.26.

18. The Letter further states, in relevant part:

> **If the principal amount written-off is equal or greater than $600.00, we <u>may be</u> required by Internal Revenue Code to report this amount and issue a form 1099-C.**

19. In fact, Defendants is not permitted to file a form 1099-C for cancellation of many types of debt, including a portion of that of Plaintiff's.

20. Treasury Regulation 1.6050P requires that an applicable entity report a cancellation or discharge of indebtedness in excess of $600 if, *and only if,* there has occurred an

"identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

21. There are numerous exceptions to the reporting requirement:

**(d) Exceptions from reporting requirement**

**(1) Certain bankruptcy discharges -**

**(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.**

**(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

**(4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions -**

**(5) Acquisition of indebtedness by related party. No reporting is required under this section in the case of a deemed discharge of indebtedness under section 108(e)(4) (relating to the acquisition of an indebtedness by a person related to the debtor), unless the disposition of the indebtedness by the creditor was made with a view to avoiding the reporting requirements of this section.**

**(6 ) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.**

**(7) Guarantors and sureties. Solely for purposes of the reporting requirements of this section, a guarantor is not a debtor. Thus, in the case of guaranteed indebtedness, reporting under this section is not required with respect to a guarantor, whether or not there has been a default and demand for payment made upon the guarantor.**

(26 C.F.R. § 1.6050P-1(b)(2)(F)).

22. PRA failed to list the exceptions to its apparent reporting requirement.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24. PRA made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it may be required by the IRS to report Plaintiff's debt cancellation to the IRS without also stating the exceptions that apply.

25. PRA's failure to note the applicable exceptions is deceptive, and states a claim under the FDCPA. *Carlvin v. Ditech Fin. LLC,* No. 16-CV-08386, 2017 WL 635151, at *4 (N.D. Ill. Feb. 16, 2017).

26. The letter further states:

> **\*\*The following is a breakdown of your balance since charge-off:**
> **Total Amount of Debt Due at charge-off: $6,260.68**
> **Total Amount of Transactions since charge-off:**
>     **Interest: $0.00**
>     **Non-Interest Charges/Fees or Balance Adjustments: $0.00**
>     **Payments: $0.00**
> **Total Now Due: $0.00**

27. PRA failed to note that a portion of the debt consists of interest and other non-principal amounts, stating that Interest consisted of $0.00.

28. Plaintiff thought, and the unsophisticated consumer would think, that 100% of the alleged debt was principal, and thus subject to IRS reporting requirements.

29. In fact, much of the balance of the alleged debt consists of interest, late fees and other non-principal amounts.

30. Defendant's assertion that $0.00 of the balance is interest was false.

31. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

32. PRA made a materially false statement, in violation of 15 U.S.C. §§ 1692e, and 1692e(10) when it stated that none of Plaintiff's alleged debt consisted of interest.

33. PRA offered to cancel $783.26 of the alleged debt in its proposed settlement.

34. Therefore, PRA was not offering to cancel enough of the alleged debt where IRS reporting would be required as more than that amount of the alleged debt consisted of interest, late fees and other non-principal amounts.

35. In fact, there was no set of circumstances under which the IRS could be involved in the proposed settlement, as Defendant was not offering cancellation of $600 or more in principal.

36. PRA made this false statement to coerce Plaintiff into paying the full amount owed on the alleged debt to avoid being reported to the IRS.

37. There is no reason for PRA to inject the IRS into the collection process except to falsely convey to the unsophisticated consumer that he could be reported to the IRS if he does not pay in full.

38. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

39. PRA made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it stated the IRS may require them to report the amount forgiven to the IRS.

40. PRA threatened to take an action they could not legally take when they told Plaintiff that they be required to report cancellation of her debt to the IRS, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

41. A debt collector can violate the FDCPA where it invokes the IRS in a situation where there is no set of circumstances in which the IRS would be involved. *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016).

42. 225 ILCS 425/9 of the Illinois Collection Agency Act prohibits the following:

> **. . . (21) Disclosing or threatening to disclose information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law.**

43. PRA threatened to disclose information relating to Plaintiff's debt to the IRS, in violation of 225 ILCS 425/9, when it stated it may be required to report the amount of principal written off of the alleged debt.

44. A private right of action exists for a violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

45. Statutes providing for administrative remedies in Illinois (e.g. the revocation of a license, etc.) imply a civil right of action. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

46. PRA's statement falsely raises the specter of the IRS should a consumer fail to pay the alleged debt in full, where in reality, there are many circumstances where there would be no IRS involvement.

47. The Letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099-C Form may be reported to the IRS.

48. PRA could have avoided any problems by simply not referencing the IRS in its collection letter, especially since there are no set of circumstances under which the IRS could become involved in the potential settlement offered by Defendants.

49. The unsophisticated consumer may feel pressured by the statement Defendant made in its Letter into paying more of the alleged debt to avoid an IRS audit. *Bautz v. ARS Nat'l Servs., Inc.*, No. 16CV768JFBSIL, 2016 WL 7422301, at *9 (E.D.N.Y. Dec. 23, 2016) (analyzing the statement "Department Stores National Bank will report forgiveness of debt as required by IRS regulations").

50. Such a statement is a false statement. *Medina v. Allianceone Receivables Mgmt., Inc.*, No. CV 16-4664, 2017 WL 220328, at *1 (E.D. Pa. Jan. 19, 2017) (analyzing the same statement).

51. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

52. On information and belief, PRA does not report any debt cancellation to the IRS.

53. Even if PRA were permitted to report any debt cancellation to the IRS, they did not intend to do so when they made the threat.

54. On information and belief, PRA has never submitted a 1099-C to the IRS.

55. The FDCPA prohibits the use of empty threats to collect a debt.

56. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken <u>or that is not intended to be taken</u>. . .**

(emphasis added)

57. PRA threatened to take an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when it stated that it may be required to report cancellation of Plaintiff's debt to the IRS.

58. Conditional language (i.e. "we *may* be required"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

59. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, PRA's misrepresentation that the IRS would become involved if she paid less than the full amount of the debt owed could cause Plaintiff to feel that she was required to pay more of the alleged debt than Defendants were offering in settlement to avoid IRS involvement.

60. PRA's false IRS statements are made to support a two-tiered collection effort. The first tier is aimed at lower income consumers, to instill fear by including references to the IRS and the federal government in hopes that they will pay at least the settlement amount, to reduce the impact of any government reporting. The second tier is aimed at consumers who have gotten back on their feet, and will be afraid of being reported to the IRS for paying the lower settlement amount, and thus will pay the higher (full) amount of the alleged debt.

61. The use of false statements in either situation is prohibited by the Fair Debt Collection Practices Act.

62. PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

63. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

64. PRA made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it may be required by the IRS to report Plaintiff's debt cancellation to the IRS without also stating the exceptions that apply.

65. PRA threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e and 1692e(5, when it told Plaintiff that it may be required to report cancellation of her debt to the IRS, when there was no set of circumstances under which such reporting would be required or permitted.

66. PRA made a materially false statement, in violation of 15 U.S.C. §§ 1692e, and 1692e(10) when it stated that none of Plaintiff's alleged debt consisted of interest.

67. PRA threatened to take an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when it stated that it may be required to report cancellation of Plaintiff's debt to the IRS.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of Plaintiff, and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

68. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

69. PRA threatened to disclose information relating a debt to the IRS, in violation of 225 ILCS 425/9, when it stated it may be required to report the amount of principal written off of an alleged debt when it was not offering a settlement that would result in any reporting requirement.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Compensatory and punitive damages;

      B.      Costs; and,

      C.      Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com